IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00111-REB-BNB

KRISTI BEEBE, an individual

Plaintiff,

v.

SHELTER MUTUAL INSURANCE COMPANY, a foreign insurance company

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion to Amend Complaint** [Doc. # 41, filed 10/6/2010] (the "Motion to Amend"). I respectfully RECOMMEND that the Motion to Amend be DENIED.

This is an action for underinsured motorist benefits. The underlying accident occurred on February 6, 2008. Scheduling Order [Doc. # 16] at p. 2. The plaintiff settled her claim with the at-fault driver for policy limits and with the consent of the defendant. Id. On January 19, 2010, the plaintiff commenced this action asserting a single claim for breach of the insurance policy. Complaint [Doc. # 1]. The plaintiff now seeks to add claims under section 10-3-1115, C.R.S., for improper denial of her claim, and under section 10-3-1116, C.R.S., for unreasonable delay of denial of benefits. These statutory rights became effective on August 5, 2008, after the underlying accident but, allegedly, before the plaintiff had resolved her claim with the at-fault motorist and determined that she had an underinsured motorist claim. The defendant opposes the amendment as futile, claiming that the statutes are not retroactive and that application under

these facts would constitute an improper retroactive application of the law; and also opposes the amendment based on undue delay and undue prejudice.

Whether to allow an amendment to a pleading is controlled by Rule 15(a), Fed. R. Civ. P. The standard to be applied is set out in Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

In General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. June 20, 2008), the plaintiff sought to amend, the defendant resisted based on futility, and the court observed:

> [T]he court will note that the Gannett Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

Id. at *4. The observation is especially applicable here, where the plaintiff has failed to submitted a proposed amended complaint with her motion to amend. I cannot say, on the record now before me and with certainty that the plaintiff's proposed amended claims must fail as a matter of law.

However, "untimeliness alone [is] a sufficient reason to deny leave to amend. . . ." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10thCir. 1994). Here, the request to amend comes days before the close of discovery; after the deadline to designate expert witnesses and the dispositive motion deadline; and approximately three months before the trial. The

2

defendant has indicated its intention to challenge the legal sufficiency of the added claims as an improper retroactive application of the statutes, and perhaps on other grounds. It also indicates the need for additional discovery on the added claims. On the case schedule as it currently exists, there simply is not sufficient time to allow the defendant to adequately prepare and defend the added claims. Consequently, I find that the plaintiff has unduly delayed in bringing her request to amend the complaint and that allowing amendment at this time would result in undue prejudice to the defendant.

I respectfully RECOMMEND that the Motion to Amend [Doc. # 41] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 15, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge