**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  10-cv-00111-REB-BNB

KRISTI BEEBE, an individual,

    Plaintiff,

v.

SHELTER INSURANCE COMPANIES, a foreign insurance company,

    Defendant.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#50] filed October 15, 2010; and (2) plaintiff's **Objections to the Recommendation of United States Magistrate Judge** [#51] filed October 27, 2010.  I overrule the objections, adopt the recommendation, and deny the motion for leave to amend the complaint.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.[1]

---

[1] Although plaintiff argues that denying her motion for leave to amend the complaint raises the specter of claim preclusion as to the new claims, citing **Salazar v. State Farm Mutual Automobile Insurance Co.**, 148 P.3d 278, (Colo. App. 2006), a dismissal without prejudice does not result in a final judgment, which is necessary under Colorado law to invoke that doctrine, **see Carpenter v. Young**, 773

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#50] filed October 15, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objections to the Recommendation of United States Magistrate Judge** [#51] filed October 27, 2010, are **OVERRULED**; and

3. That plaintiff's **Motion To Amend Complaint** [#41] filed October 6, 2010, is **DENIED**.

Dated November 19, 2010, at Denver, Colorado.

BY THE COURT:

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

P.2d 561, 567-68 (Colo. 1989) (citing **RESTATEMENT (SECOND) OF JUDGMENTS** § 13 (1982)).

[2] In so finding, I specifically reject defendant's alternative argument that amendment would be futile in any event, albeit not on the grounds cited by the magistrate judge. The law of this district clearly holds that §§103-1115, C.R.S., and 10-3-1116, C.R.S., do not apply retroactively to claims that accrued prior to the August 5, 2008, effective date of the statute. *See, e.g.*, *New Salida Ditch Co. v. United Fire & Casualty Insurance Co.*, 2009 WL 5126498 at *3-4 (D. Colo. Dec. 18,2 009); *James River Insurance Co. v. Rapid Funding, LLC*, 2009 WL 524994 at *7-8 (D. Colo. March 2, 2009). Claims under these statutes, however, accrue from the date the insurer denies the claim, *not* from the date of the underlying accident that forms the basis of the claim. *See New Salida Ditch*, 2009 WL 5126498 at *4. Although the accident that forms the basis of plaintiff's claims herein occurred in February, 2008, prior to the effective date of the statute, she did not even assert a putative claim for benefits until mid-July, 2009, which was denied in late November or early December, 2009. (*See* **Notice of Filing of Motions Hearing Transcript** App., Exh. 1 at 3-4 [#53], filed November 16, 2010.)